UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BORDELON MARINE, INC. | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | |
| ENERGY XXI GOM, LLC | | CIVIL ACTION NO. 2:15-CV-00815 |
| *Defendant.* | | |

# DEFENDANT ENERGY XXI GOM, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Energy XXI GOM, LLC ("Energy XXI") files the following answer, affirmative defenses, and counterclaim in response to Plaintiff Bordelon Marine, Inc.'s ("Bordelon") Original Complaint.

Energy XXI answers the allegations in the separately-numbered paragraphs of Plaintiff's Original Complaint as follows:

1.  Energy XXI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies them.

2.  Energy XXI admits that it is a limited liability company organized and existing under the laws of a state other than Louisiana. Energy XXI admits that it is the owner and operator of South Timbalier 27 1A Platform. Energy XXI denies any other allegations of Paragraphs 2.

3.  Energy XXI admits that this Court has subject matter jurisdiction over this matter. Energy XXI denies any remaining allegations in Paragraph 3.

4. Energy XXI admits that it is the owner and operator of South Timbalier 27 1A Platform. Energy XXI asserts that the remaining allegations in Paragraph 4 are vague and state a legal conclusion. To the extent a response is required, such allegations are denied.

5. Energy XXI admits that it is the owner and operator of South Timbalier 27 1A. Energy XXI admits that the M/V CONNOR BORDELON allided with South Timbalier 27 1A Platform on January 23, 2015. Energy XXI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies them.

6. Denied.

7. Denied.

8. Energy XXI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9. Denied.

10. The allegations in Paragraph 10 in the nature of prayer requesting relief. Although no answer is required, Energy XXI denies that Bordelon's Complaint is "good and sufficient." Energy XXI denies that Bordelon is entitled to judgment in its favor. Energy XXI denies that Bordelon is entitled to damages or any other relief. Energy XXI denies any and all liability for Bordelon's claims. Energy XXI denies any remaining allegations in Paragraph 10.

## **AFFIRMATIVE DEFENSES**

11. With respect to the allegations against Energy XXI, Bordelon's Original Complaint fails to state a claim upon which relief may be granted.

12. Bordelon's claim for relief is barred, in whole or in part, by the defense of unclean hands.

13. Bordelon's claim for relief is barred, in whole or in part, by the statutory violations, negligence, or fault of Bordelon, and/or those in charge of the navigation in the M/V CONNOR BORDELON, and/or the unseaworthiness of the vessel.

14. Bordelon's claim for relief is barred, in whole or in part, because its alleged damages were caused by the negligence or fault of other third parties for whom Energy XXI is not responsible.

15. Bordelon's claim for relief is barred, in whole or in part, by its failure to mitigate its alleged damages.

16. Bordelon's claim for relief is barred, in whole or in part, by a superseding cause.

17. Bordelon's claim for relief is barred, in whole or in part, because it seeks damages associated with its alleged economic loss.

18. Energy XXI reserves the right to supplement and/or amend its affirmative defenses.

## **COUNTERCLAIM**

19. Energy XXI is a Limited Liability Company organized and existing under the laws of the State of Delaware.

20. Bordelon is a limited liability company organized and existing under the laws of the State of Louisiana. Bordelon has appeared in this lawsuit and may be served by serving its counsel of record.

21. This Court has subject matter jurisdiction over Energy XXI's counterclaim pursuant its ancillary jurisdiction, diversity jurisdiction, admiralty jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*

22.     Venue is proper because Bordelon has minimum contacts within this District in that Bordelon regularly conducts business within this District, has an office in this District, and has a registered agent in this District.

## Nature of the Action

23.     This tort action is brought against Bordelon to recover damages occurring when the M/V CONNOR Bordelon allided with the South Timbalier 27 1A, a platform owned and operated by Energy XXI.

## Facts

24.     South Timbalier 27 1A ("Platform") is a platform located in the Gulf of Mexico owned and operated by Energy XXI.

25.     The M/V CONNOR BORDELON is a vessel owned and operated by Bordelon.

26.     On or about January 23, 2015, the M/V CONNOR BORDELON allided with the Platform.

27.     The allision occurred because the M/V CONNOR BORDELON was not properly navigated, inadequately manned, inattentively operated, and/or was unseaworthy.

28.     At the time of the allision, the Platform was fixed and stationary.

29.     The allision resulted in a fire on the Platform.

30.     The allision caused the Platform to topple over.

31.     The M/V CONNOR BORDELON's allision with the Platform caused substantial damages to Energy XXI, including, but not limited to, physical damage to the Platform, repair and/or replacement costs, diminution in value of property, loss of use, lost profits, clean-up costs, and/or costs related to salvage and storage operations.  Such damages exceed $75,000.

**Causes of Action**

32. The preceding paragraphs are fully incorporated by reference as if repeated herein.

33. The allision was caused, in whole or in part, by the following acts of negligence and/or fault of Bordelon, its employees, servants, master, crew and/or agents:

   a. Bordelon is presumed to be at fault for bringing the M/V BORDELON into allision with a fixed object;

   b. Bordelon knew or should have known of the Platform's presence and location, and Bordelon had a duty to avoid the Platform;

   c. Bordelon had a duty to keep the M/V BORDELON seaworthy, adequately manned, ably navigated and maneuvered, and properly equipped;

   d. Bordelon mishandled the M/V CONNOR BORDELON, and failed to avoid the Platform, such that it allided with the Platform;

   e. Bordelon violated the Rules of Navigation, and established safety policies and procedures, which proximately caused the allision with the Platform;

   f. Bordelon failed to exercise the standard of care incumbent upon an ocean going vessel, and its captain and crew, operating in navigable waters;

   g. Bordelon is liable for negligence per se in connection with the allision;

   h. Bordelon failed to keep the M/V CONNOR BORDELON in a seaworthy condition.

34. Bordelon's breaches of its duties proximately caused substantial damages to Energy XXI and the Platform, including, but not limited to, those damages discussed above.

35. The allision, and the damages and losses suffered by Energy XXI, were solely caused by Bordelon as owner and operator of the M/V CONNOR BORDELON at the time of the allision.

36. The allision, and all damages and losses resulting therefrom, were in no way caused or contributed to by any fault or neglect on the part of Energy XXI or its agents, servants, or employees.

37. Energy XXI reserves the right to supplement and/or amend these counterclaims.

## Prayer for Relief

WHEREFORE, ENERGY XXI prays for the following relief:

(a) That a judgment be entered in favor of Energy XXI against Bordelon for all sums due and owing for Energy XXI's claims, plus pre-judgment interest, post-judgment interest, and costs;

(b) for such other and further relief as this Court deems just and proper.

                              Respectfully submitted,

Date:  April 15, 2015           /s/ Jacob K. Weixler_____
                              Jason M. Cerise, T.A. (#28526)
                              *Lead Attorney*
                              Jacob K. Weixler (#36076)
                              Locke Lord LLP
                              601 Poydras Street, Suite 2660
                              New Orleans, Louisiana 70130
                              Telephone: (504) 558-5110
                              Facsimile: (504) 681-5223
                              jcerise@lockelord.com

                              <u>Of Counsel:</u>
                              ***Pro Hac Vice Motions to be Filed:***
                              Janet Militello
                              Texas Bar No. 14051200
                              S.D. Tex Federal Bar No. 2681
                              Chris Verducci
                              Texas State Bar No. 24051470
                              S.D. Texas Federal Bar No. 639289
                              Andrea Verney
                              Texas State Bar No. 24084018
                              S.D. Texas Federal Bar No. 1716893
                              Locke Lord LLP
                              600 Travis Street, Suite 2800
                              Houston, Texas 77002-3095
                              Telephone: (713) 226-1200
                              Facsimile:  (713) 223-3717
                              jmilitello@lockelord.com
                              cverducci@lockelord.com
                              averney@lockelord.com

                              ***ATTORNEYS FOR DEFENDANT***
                              ***ENERGY XXI GOM, LLC***

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document is being filed on this 15th day of April, 2015, via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

                                         /s/ *Jacob K. Weixler*