## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BORDELON MARINE, INC.** | * | |
| | * | **CIVIL ACTION NO.: 15-0815** |
| **VERSUS** | * | |
| | * | **JUDGE MARY ANN VIAL LEMMON** |
| **ENERGY XXI GOM, LLC** | * | **SECTION "S"** |
| | * | |
| | * | **MAG. JUDGE SALLY SHUSHAN** |
| | * | **DIVISION (1)** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

### MEMORANDUM IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS PURSUANT TO RULES 26 (a) and (e) AND 37 (b) and (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**MAY IT PLEASE THE COURT:**

Bordelon Marine, Inc. ("Bordelon") respectfully moves this Court for an Order, pursuant to Rule 37(b) and (c), and Rule 26 (a) and (e), of the Federal Rules of Civil Procedure, excluding evidence for the failure of Counter Claimant Energy XXI, LLC ("Energy XXI") to timely and sufficiently respond to the Order of this Honorable Court, entered January 27, 2016, which mandated further Supplemental Disclosures, pursuant to Rule 26, Federal Rules of Civil Procedure (hereinafter "F.R.C.P."), and further responses to Requests for Production of Documents, pursuant to Rule 34, F.R.C.P.  Bordelon's Motion For Evidentiary Sanctions seeks to exclude evidence and witnesses, as follows:

1. Exclusion of any witnesses other than those identified in the Second Amended Disclosures which may testify as to the two items of damages which Energy XXI identified in those Second Amended Disclosures;

1

2. Exclusion of any documents to support the two items of damages identified in the Second Amended Disclosures, other than documents produced so far, which have been marked EXXI 0000001 - EXXI 0010918;

3. Exclusion of any evidence of expenses billed to any entity other than EXXI GOM, LLC;

4. Exclusion of evidence of any payments made by any entity other than EXXI GOM, LLC.

This Court's Order entered on January 27, 2016 mandated that each claim which Energy XXI, LLC presently possessed be described in detail; that the witnesses which Energy XXI, LLC reasonably believes have personal knowledge of each claim be properly identified; and, that the documentary support for each claim be produced.[1]

Energy XXI has failed to comply with the Court's January 27, 2016 Order and for the reasons set forth hereinafter, Bordelon has suffered prejudice as a result. Energy XXI's manifest disregard of the Court's Order warrants evidentiary sanctions under Rule 37 of the Federal Rules of Civil Procedure ("F.R.C.P."), and established precedent from the U.S. Fifth Circuit Court of Appeals interpreting Rule 37.

## BACKGROUND

This matter arises out of incident that occurred on or about January 23, 2015, when the M/V CONNOR BORDELON allided with a marine structure designated as South Timbalier 27 1A Platform owned and operated by Energy XXI.

---

[1] Record Doc. No. 29.

Energy XXI filed a Counter Claim against Bordelon which alleged damages in an unspecified amount.[2] Despite numerous requests, after eight months following the filing of the Counter Claim, Energy XXI failed to produce an itemized statement of its damages. Bordelon therefore filed a Motion to Compel, and on January 27, 2016, this Court ordered Energy XXI to provide Bordelon with "(a) a detailed description of each item of damages Energy XXI currently seeks to recover; and (b) the individual(s) with personal knowledge" no later than February 10, 2016.[3]

The January 27 Order further ordered Energy XXI to supplement its document production with the documents upon which it relies in making that claim.[4]

The January 27 Order further ordered Energy XXI to provide Bordelon with an explanation as to the relationship between various (apparently related) entities, including Energy XXI Services, LLC, Energy XXI (Bermuda), Ltd. and Energy XXI, and an explanation as to why Energy XXI (Bermuda) Ltd. presented a claim to the intervening insurers for the loss of the platform which Energy XXI claims it owns, no later than February 3, 2016.[5]

On February 3, 2016 Energy XXI's counsel forwarded a letter, signed by "a.v.," apparently on behalf of counsel Jason Cerise, which gave the following "explanation" of the corporate inter-relationships:

---

[2] Case 2:15-cv-00815-MVL-SS at Document "4."
[3] Case 2:15-cv-00815-MVL-SS at Document 29, p. 2.
[4] *Id.* at pp.3-4. ("**Within fourteen (14) days of the entry of this order,** Energy XXI shall produce all remaining documents in its possession, custody or control responsive to Bordelon's Requests for Production and as required by Rule 26(a).") Rule 26(a) in turn requires Energy XXI to produce "those documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered" as well as "all documents . . . and things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses . . . ")
[5] Record Doc. No. 29.

3

> The relationship between Energy XXI, LLC, Energy XXI Services, LLC and Energy XXI Ltd. is as follows: Energy XXI, LLC is the owner and operator of the platform at issue. Energy XXI Services, LLC is the company that provides direct employees to Energy XXI, LLC and is the contracting entity that enters into contracts with third parties who provide independent contractors and/or service providers to our offshore operations. Energy XXI, LLC and Energy XXI Services, LLC are both wholly owned indirect subsidiaries of Energy XXI Ltd.[6]

The foregoing explanation fails to offer any facts that sufficiently explain why Energy XXI (Bermuda), Ltd., a foreign corporation, has submitted a Proof of Loss for $2,600,000 to insurers, for property which Energy XXI, LLC, a domestic corporation, claims to own and operate.[7]

Furthermore, the letter from counsel was an improper means by which to comply with the Court's order. Bordelon raised this issue, requested that the information be put in a pleading and properly signed, as is required by Rule 11, F.R.C.P. In response, Energy XXI's counsel, Mr. Cerise, "confirmed" that he authorized the signature.

February 10, 2016 Energy XXI served a pleading entitled "Second Supplemental Disclosures" which was accompanied by documents EXXI 0009731 – EXXI 0010918.[8] These documents include invoices, billing statements, work orders, and receipts issued to and/or paid for by *several* different entities, including EPL Oil & Gas, EXXI M21K, L.L.C., Energy Key Consultants, L.L.C. and Energy XXI Gulf of Mexico, Inc.[9]

---

[6] Affidavit of Marva Jo Wyatt in Support of Motion for Evidentiary Sanctions, at Paragraphs 3-4 and Exhibit "1."
[7] Affidavit of Marva Jo Wyatt ("Wyatt Affidavit") in Support of Motion for Evidentiary Sanctions, at Paragraphs 4-6 and Exhibits "2" and "4."
[8] Wyatt Affidavit at Paragraph 5 and Exhibit "3." These documents are in addition to EXXI 000001 -0009730, produced piecemeal at various times before and after Bordelon filed the Motion to Compel.
[9] Wyatt Affidavit at Paragraph 17 and Exhibit "8."

## ARGUMENT

### 1. The Court has Broad Power to Enforce its Discovery Orders.

Rule 26(a)(1)(A)(ii) mandates that a party *initially* disclose "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . ."  The information and documents ordered by the Court should have been produced months ago, voluntarily, pursuant to F.R.C.P. Rule 26. Bordelon was forced not only to propound discovery to obtain what should have been produced voluntarily, but was forced to write letters, conduct discovery conferences, and, finally file a motion to compel Energy XXI to provide basic information necessary to evaluate Energy XXI's claims and prepare for the May 25, 2016 trial.

Rule 37(c) states that upon failure to supplement as required by Rule 26(a)(1(A)(If), a "party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c).

Here, Energy XXI failed to properly supplement as required by Rule 26, and Bordelon was forced to resort to the Court to obtain the most preliminary of information, *viz.,* an itemization of the damages Energy XXI is alleging it suffered as a result of the January 23 allision. The Court properly ordered that Energy XXI provide "a detailed description of each item of damages Energy XXI currently seeks to recover . . . and the individual(s) with personal knowledge . . ."[10]

---

[10] Rec. Doc. 29 at p.2.

In response to the Court's January 27 Order, Energy XXI produced its Second Amended Disclosures which state, for its "detailed description of each item of damages," the following, in the format of a terse arithmetic table:

**"Extra P&A and Removal Costs Due to Allision:**

| | |
|---|---|
| Actual Cost to P&A & Remove Debris: | $13,431,157.39 |
| NPV of cost to P&A & Remove Debris: had there been no allision: | $   754,500 |
| Difference: | **$12,676,657.39** |
| **Lost Reserves:** | **$23,438,000.00** |
| **Total Estimated Damages:** | **$36,114,657.00**"[11] |

This simple arithmetic fails, as a preliminary matter, to provide the "detailed description" ordered by the Court on January 27. For example, the "cost to P&A & Remove Debris" is not itself clear, but appears to purport to be a total of literally thousands of pages of invoices, billing statements, work orders, receipts, waybills, and other such documents which record apparently millions of dollars of expenses. A more detailed statement of damages was ordered by the Court and this terse statement was not made in good faith. For this reason alone, this Court possesses the power under Rule 37 to strike these claims in their entirety.[12]

---

[11] Wyatt Affidavit Exhibit "3" at p. 8.
[12] *Prince v Poulos,* 876 F.2d 30, 32 (5th Cir. 1989)(A court may dismiss claims with prejudice where noncompliance results from "willfulness or bad faith.")

6

Lesser sanctions, such as issue preclusion or evidentiary sanctions, combined with monetary sanctions, may be ordered without any showing or finding of bad faith.[13]

Here sanctions are warranted due to Energy XXI's violation of the Court's order, combined with its production of thousands of pages of documents in a piecemeal and disorganized fashion, so as to make a thorough examination of what has been produced and what is actually missing from what has been produced, a tedious, time consuming, and ultimately costly process.

The 10,918 pages of documents which comprise EXXI 000001 - EXXI 0010918 were virtually dumped in a series of electronic heaps -- with no order or organization other than their "EXXI" numbers affixed. Surely these bills, invoices, work orders, summaries, etc. were maintained in the ordinary course of business in some orderly fashion by this company which is owned, ultimately, by a publicly traded corporation, Energy XXI, Ltd., required by federal law to report regularly to its shareholders. Nonetheless, even the method by which the documents were produced seems a corporate snub at the very legal process through which the corporation itself seeks to recover over $36 million dollars from Bordelon Marine.

---

[13] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 488 (5th Cir. 2012). ("Fed.R.Civ.P. 37(b) empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, Fed.R.Civ.P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 784 (9th Cir.1983). The district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson,* 898 F.2d 1018, 1021 (5th Cir.1990). This discretion, however, is limited. "[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." *Id.* at 1021. Lesser sanctions do not require a finding of willfulness. *See Chilcutt v. United States,* 4 F.3d 1313, 1323 n. 23 (5th Cir.1993) (stating that district courts "have authority to grant a broad spectrum of sanctions" under Rule 37(b)).

Not only have Energy XXI's actions in this case been an affront to the integrity of the judicial process, the unjustified delay in actually specifying that its claim *is* $36 million has prejudiced Bordelon Marine in the preparation for trial in this matter.

In *Martino v. Kiewit New Mexico Corp.*[14] the Fifth Circuit recognized that "a sequence of discovery violations" warrants sanctions, even where the documents not disclosed would have been otherwise available, in order to provide notice to the opposing party with proper notification that they are intended to be used at trial.

Evidence may, and in this case should, be excluded pursuant to Rule 37 (c) due to Energy XXI's continued and repeated failures to disclose evidence which it appears to intend to rely upon in proving its Counter Claim. Guidance may be found in the recent Fifth Circuit precedent in *Martino v. Kiewit New Mexico Corp.*[15]

> … Martino's failure to disclose the USACE Contract under Rule 26 followed a sequence of discovery violations. Martino attempts to justify his nondisclosure by claiming the USACE Contract was a public document, equally available to both parties. However, even if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses. Considering the purpose of Rule 26(a)(1)(A) and its direct link to exclusionary sanctions in Rule 37(c), Martino lacks a substantial justification for failing to produce the documents and therefore lacks a compelling explanation under the first prong of the *CQ* Test. We also conclude that the district court correctly determined that none of the other prongs of the *CQ* Test resolve in Martino's favor. Applying that test, the district court did not abuse its discretion in excluding the USACE Contract pursuant to Rule 37(c). *See Id*. at p. 279-80.[16]

---

[14] No. 13-50425 (5th Cir. 2015)(per curiam) at pp. 4-6.
[15] No. 13-50425 (5th Cir. 2015)(per curiam).
[16] *Martino v. Kiewit New Mexico Corp*., No. 13-50425 (5th Cir. 2015)(per curiam) at pp. 4-6.

8

The court in *Martino* went on to explain the interface between the duty to disclose under Rule 26, F.R.C.P., and the Court's power to exclude under Rule 37, explaining that the Court's sanctioning authority is much broader in the case of a violation of Rule 37, through a violation of a court order:

> Federal Rule ("Rule") of Civil Procedure 26 requires a party to produce non-privileged documents which are relevant to the subject matter involved in the pending action. That requirement embraces documents and information that are reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).
>
> This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery – whether the documents are good, bad, or indifferent. *Danis v. USN Communications, Inc.,* No. 98-7482, 2000 WL 1694325, at *1 (N.D. Ill., October 20, 2000). Self-reporting is, in fact, a central concept of the discovery process. The duty of disclosure finds expression in the rules of discovery, and in this Court's Rules of Professional Conduct, which prohibit an attorney from suppressing any evidence that he or his client has a legal obligation to reveal or produce.
>
> \*   \*   \*
>
> In contrast, Rule 37 applies to circumstances in which a party has violated a court order, such as a discovery ruling. Fed.R.Civ.P. 37(b)(2); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994). The Court's own authority encompasses its "inherent power to impose sanctions for abuse of the judicial system, including the failure to preserve or produce documents." *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) (stating that this power stems from a court's authority to manage its own affairs)

Most pertinent to the matter at hand, a violation of Rule 37 has occurred not only by Energy XXI's abject disregard of the Court's January 27 Order, but also by the untimely, laggardly, disorganized production of information and documents, that has occurred *throughout the course of this case*:

Sanctions may be imposed on a party that, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(2). *In re September 11th Liability Insurance*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (*citing* Fed. R. Civ. P. 37(c)(1)). A failure to disclose under Rule 37 includes not only spoliation of evidence, but also a party's untimely production of documents and information required to be produced. *Id.* at 125; *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002).

"A party's failure to supplement an earlier discovery response is sanctionable under Rule 37(c)." *Robbins & Myers, Inc. v. J. M. Huber Corp.,* 274 F.R.D. 63, 74 (W.D.N.Y. 2011)(quoting James W. Moore, *et al.*, 6 Moore's Federal Practice, Civil § 26.132 (3d ed. 1997)).

\*   \*   \*

*See Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988) ("once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by . . . failing to examine records within its control"); *A. Farber and Partners, Inc. v. Garber,* 234 F.R.D. 186, 189 (C.D. Cal, 2006)(holding that a party has an obligation to conduct a reasonable inquiry in the course of responding to requests for production).[17]

Similarly in *McLeod, Alexander, Powel & Apffel, P.C. v. Fred H. Quarles,*, 894 F.2d 1482, 1485-1486 (5th Cir. 1990), the Fifth Circuit found a violation of Rule 26 warranting sanctions where co-defendants refused to explain their interrelationship, much as has done Energy XXI in this case:

> Quarles now claims that the district court erred in not finding the law firm's requests irrelevant. We find, though, that most of its requests were relevant …Since one of Quarles's primary defenses was that only his corporation, Commonwealth Airlines, was liable for the debt, production requests relating to defendant's relationship with Commonwealth Airlines were also relevant… documents such as tax returns and cancelled checks would be relevant to show how much Quarles and Commonwealth Airlines paid on each other's bills and how closely their financial affairs were intertwined…

*Quarles,*, 894 F.2d at 1485.

---

[17] *Yelton v. PHI, Inc.*, Consolidated Docket Nos. 09-3144, *et. seq.,* (December 7, 2011) pp. 5-7.

Notably, the Fifth Circuit in *Quarles* pointed out that violation of a court order is *not* a necessary prerequisite to evidentiary sanctions:

> Quarles next argues that sanctions cannot be imposed upon him because he did not violate any order of the court. Quarles claims that the law firm had a duty first to request an order to compel and that the court could not impose sanctions until it issued such an order and Quarles subsequently failed to comply with it.
>
> \* \* \*
>
> First, an order is not always a prerequisite to the imposition of sanctions. Courts have held that Rule 37(b) sanctions can be imposed even without an existing order to compel. . . . .Although a motion to compel usually precedes the imposition of Rule 37(b) sanctions, a formal motion is not always necessary. In general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party…   *Tamari v. Bache & Co.* (Lebanon) S.A.L., 729 F.2d 469, 472 (7th Cir.1984). See also *Properties Int'l Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir.1983).
>
> \* \* \*

*Quarles,*, 894 F.2d at 1485-1486.[18]

Further, the Fifth Circuit *Dorey v. Dorey,* 609 F.21d 1128 (5th Cir. 1980) has held that entry of a default judgment and/or dismissal of the case, or of particular claims, can be appropriate sanctions under F.R.C.P. Rule 37:

> Ordinarily Rule 37 sanctions are imposed following violation of a court order. Wright & Miller, Federal Practice & Procedure: Civil § 2282 at 757 (1970).  There are exceptions to the general rule are those situations involving Rules 37(c) and 37(d).  *Id*.; see *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975) (F.R.Civ.P.

---

[18] *Quarles,* 894 F.2d at 1487 ("We can ill afford to permit litigants to waste scarce court resources with disingenuous or frivolous arguments and motions asserted purely to hinder and delay the efficient operation of justice.")

37(d)); *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966) (F.R.Civ.P. 37(d)).

> The district court has broad, although not unbridled, discretion in imposing sanctions, including default judgment and dismissal, under Rule 37.  *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).  Especially is this true in the imposition of the monetary penalties involved here.  *See Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503 (4th Cir. 1977), Cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978).  Nothing in the record suggests that the court abused its discretion in any way…"

Here Energy XXI has failed to produce an explanation as to the corporate interrelationship between the three Energy XXI entities who were initially identified on bills and invoices Energy XXI produced in support of its damage claims, and now Energy XXI has produced even more such billing documents, to support a much increased damage claim, with even more Energy XXI – related entities identified as the parties who actually paid the bills.[19] EXXI 0001754 – 0010918 thus raise more questions than the documents can possibly answer.

**2. No Bad Faith Need Be Shown For Sanctions Under Rule 37:**

F.R.C.P., Rule 37 applies to circumstances in which a party has violated a court order, such as a discovery ruling.  Rule 37(b)(2), F.R.C.P*; See also Brandt v. Vulcan, Inc.,* 30 F.3d 752, 756 (7th Cir. 1994).  The Court's authority also encompasses its "inherent power to impose sanctions for abuse of the judicial system, including the failure to preserve or produce documents."  *See e.g. v. United States,* 11 F. 3d 1360, 1367 (7th Cir. 1993)(stating that this power stems from a court's authority to manage its own affairs).

---

[19] Wyatt Affidavit at Paragraph 17 and Exhibit "8" attached thereto.

Rule 37 authorizes courts to appropriately respond to and deal with parties who have disobeyed discovery orders. *Chilcutt v. United States,* 4 F. 3d 1313, 1319-1320 (5th Cir. 1993). A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited." *Id.* If a court finds sanctionable conduct under Rule 37, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." F.R.C.P. 37(b)(2)(C); *see also* F.R.C.P. 37(c)(1), (d)(1)(A)(ii).

Sanctions may be imposed on a party who, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(2). *In re September 11th Liab. Ins.,* 243 F.R.D. 114, 125 (S.D.N.Y. 2007)(*citing* F.R.C.P. 37(c)(1)). Rule 37 is violated not only by a party's untimely production of documents and information required to be produced. *Id.* at 125; *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2nd Cir. 2002).

In addition, "[a] party's failure to supplement an earlier discovery response is santionable under Rule 37(c)." *Robbins & Myers, Inc. v. J. M. Huber Corp.*, 274 F.R.D. 63, 74 (W.D.N.Y. 2011)(*quoting* James W. Moore, et al., 6 Moore's Federal Practice, Civil § 26.132 (3d ed. 1997); *see Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988)("once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by…Failing to examine records within its control"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006)(holding that a party has an obligation to conduct a reasonable inquiry in the course of responding to requests for production).

The Fifth Circuit has noted that sanctions under Rule 37 are particularly appropriate where there are factors "[such] as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F. 2d 858, 860 (5th Cir. 1970).  *See also Marrocco v. General Motors Corp.*, 966 F. 2d 220, 224 (7th Cir. 1992).

### 3. The Court's Scheduling Order Sets a Motion Filing Deadline of March 16 and Bordelon Has Been Prejudiced in Evaluating Necessary Motions.

Here the Court has entered a scheduling order setting a trial date of May 23, 2016.[20] Further, a final pre-trial conference is set for May 5, 2016, and a settlement conference must be completed by April 29, 2016. Finally, a Motion hearing deadline has been set for March 16, 2016. Bordelon's evaluation and preparation of necessary motions has been prejudiced by Energy XXI's delays in itemizing its damages, producing its documents and identifying its witnesses.

Rule 16 (b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order.[21]

Consistent with the authority vested in the trial court by Rule 16, the trial court is vested with "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v.*

---

[20] Record at Doc. 10, 05/13/2015.
[21] *See also Quarles*, 894 F.2d at 1487 ("Although no order to compel had been granted here, Quarles did violate an order of the court. On August 3, 1988, the court had issued a docket control order requiring discovery completed by October 24, 1988. The order expressly warned, "Failure to comply with this order will result in sanctions pursuant to Fed.R.Civ.P. 16(f)." That rule specifically states that if a party fails to obey a schedule or pre-trial order, the judge may sanction the parties pursuant to rule 37(b); Rule 37 sanctions include the entry of default judgment . . . . Both rules state that if certain requirements are not met the court Shall impose sanctions upon application or motion. The requirements necessary to justify Rule 37(c) sanctions were clearly met in the present case…")

*United States*, 597 F.2d 1014, 1018 (5th Cir.1979) (affirmed refusal to modify pre-trial order); *See also* F.R.C.P. 16(b), Advisory Committee Note (trial court may modify scheduling order for good cause). Moreover, a trial court's decision to exclude evidence as a means of enforcing a pretrial order "must not be disturbed" absent a clear abuse of discretion. *See Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir.1971); F.R.C.P. 16(f) (court may sanction party's failure to comply with scheduling order by excluding evidence).

Here the scheduling order requires all pre-trial motions *to be heard* no later than March 16, 2016.  Bordelon's evaluation and preparation of pre-trial motions has been prejudiced by Energy XXI's untimely and incomplete discovery responses, and failure to comply with the Court's January 27 Order.

A trial court's enforcement of the time deadlines in its scheduling order has been held to be no abuse of its discretion. *See Sexton v. Gulf Oil Corp.,* 809 F.2d 167, 170 (1st Cir.1987).

The Fifth Circuit has routinely held that the district court has not abused its discretion in entering sanctions, including an adverse inference instruction given to the jury:

> "Regardless of [the] intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings. We will not lightly disturb a court's enforcement of those deadlines and find no reason for doing so here. The court did not abuse its discretion in striking Geiserman's untimely witness designation and precluding Geiserman's expert testimony." [9]

*In Certain Underwriters at Lloyds London, Plaintiff-Appellee, v. Corporate Pines Realty Corp.,* No. 09-200017 (5th Cir. 2009)(per curiam), the Fifth Circuit explicitly approved of evidentiary sanctions in response to discovery abuses:

> Corporate Pines next contends that the district court incorrectly prevented it from introducing evidence of business income loss as a sanctions for discovery abuse. A decision to award sanctions under Federal Rule of Civil Procedure 37 is reviewed for abuse or discretion. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d. 744, 749 (5th Cir. 1987). Among the sanctions contemplated by Rule 37 for violating a discovery order is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FED R.CIV.P. 37(b)(2)(A)(ii).
>
> \*   \*   \*
>
> Corporate Pines claimed lost revenue income from a tenant of one of the insured buildings. During discovery, Certain Underwriters requested documents (including the lease) substantiating the alleged landlord - - tenant relationship and noticed the deposition of the alleged tenant. When both Corporate Pines's counsel and the alleged tenant failed to appear at a scheduled deposition, Certain Underwriters filed a motion to Compel, which the district court granted. The tenant appeared at the subsequent deposition, but testified that she could not locate the requested documents and that Corporate Pines's counsel had instructed her to attend the deposition without documents. Given Corporate Pines's instructions to its witness to violate a court order, we conclude that the district court did not abuse its discretion in excluding evidence of Corporate Pines's claimed business income loss.

Bordelon has clearly made a good faith effort to obtain the requested supplemental Disclosures and further written responses to Interrogatories and Requests for Production of Documents without the need for the Court's action in this matter.[22]

Furthermore, Bordelon has made a good faith effort to proactively avoid the need to resort to the Court now, once again,

---

[22] Wyatt Affidavit Paragraphs 5-7, Exhibits "1," "2," and "3."

> In addition to Rule 37(b)'s available sanctions, under Rule 37(c)(1), if a party fails to "provide information…required by Rule 26(a) or (e)" within the establishes deadlines "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. V. Jacob Technology, Inc.*, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Moore v. BASF Corp.*, 2012 WL 4344583, at *4 (E.D. La. Sept. 21, 2012)(a party is not excused from its Rule 26 obligations "because it has not fully investigated the case")(quoting Fed. R. Civ. P. 26(a)(1)(E)).

This Motion for Evidentiary Sanctions follows a Motion to Compel seeking the most fundamental information contemplated by Rule 26(b)(1) of the Federal Rules of Civil Procedure, *viz.*:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defense—including the existence, description, nature, custody, condition, and location of documents or other tangible things in the identity and location of persons who know of any discoverable matter… relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[23]

The goal of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding" F.R.C.P. Rule 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . . They should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding"). This goal cannot be realized when litigants "waste scarce court resources" with disingenuous participation in the exchange of documents and the identification of witnesses.[24]

---

[23] F.R.C.P., Rule 26(b)(1).
[24] *Quarles,* 894 F.2d at 1487.

Bordelon did not initially seek its costs and attorneys' fees incurred in the filing of its Motion to Compel, but expressly reserved the right to seek these costs and fees incurred if, subsequently, it was forced to resort again to the Court for enforcement of any court order.

Bordelon proposes the evidentiary sanctions it seeks are clearly warranted under the circumstances of this case, under the plain language of F.R.C.P. Rule 37.

In the event the Court chooses some lesser or other form of sanctions, Bordelon respectfully requests the opportunity to set forth its costs and fees by way of an Affidavit of counsel, to establish an amount of appropriate monetary sanctions.

## CONCLUSION

Bordelon respectfully requests an Order excluding evidence at the trial of this matter in the following particulars:

1. Exclusion of any witnesses other than those identified in the Second Amended Disclosures which may testify as to the two items of damages which Energy XXI identified in those Second Amended Disclosures;

2. Exclusion of any documents to support the two items of damages identified in the Second Amended Disclosures, other than documents produced so far, which have been marked EXXI 0000001 - EXXI 0010918;

3. Exclusion of any evidence of expenses billed to any entity other than EXXI GOM, LLC;

4. Exclusion of evidence of any payments made by any entity other than EXXI GOM, LLC.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

*/s/ Robert S. Reich*
**ROBERT S. REICH, T.A. (#11663)**
**LAWRENCE R. PLUNKETT, JR. (#19739)**
**MARVA JO WYATT (#18052)**
Two Lakeway, Suite 1000
3850 N. Causeway Blvd.
Metairie, Louisiana 70002
Tel: (504) 830-3999/Fax: (504) 830-3950
Email: rreich@rapllclaw.com
          lplunkett@rapllclaw.com
          mwyatt@rapllclaw.com
***Attorneys for Bordelon Marine, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filings to all counsel of record who are authorized to receive electronic service on this 23rd day of February, 2016.

*/s/ Robert S. Reich*
**ROBERT S. REICH**