UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BORDELON MARINE, INC.** | * | |
| | * | **CIVIL ACTION NO.: 15-0815** |
| **VERSUS** | * | |
| | * | **JUDGE MARY ANN VIAL LEMMON** |
| **ENERGY XXI GOM, LLC** | * | **SECTION "S"** |
| | * | |
| | * | **MAG. JUDGE SALLY SHUSHAN** |
| | * | **DIVISION (1)** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
ON BEHALF OF BORDELON MARINE, INC.**

**NOW COMES** Bordelon Marine, Inc., ("Bordelon"), who submits this Statement of Uncontested Material Facts, pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Court for the U.S. District Court, Eastern District of Louisiana.

Bordelon's Motion for Partial Summary Judgment seeks: (1) dismissal of the claims of Energy XXI for lost profits, "lost reserves" and all other consequential damages as it may have alleged; and (2) limitation of the claims of Energy XXI for property damages as it may prove it is entitled. Bordelon respectfully shows the following facts are uncontested:

1. On January 23, 2015, there was an allision between the M/V CONNOR BORDELON, owned and operated by Bordelon, and a platform owned and operated by Energy XXI.[1]

---

[1] Rec. Doc. 1 (Bordelon's Complaint for Declaratory Judgment) at p. 1; Rec. Doc. 4 at p.2 (Answer and Counter Claim of Energy XXI GOM, LLC); Rec. Doc. 24 (Order Granting Bordelon Marine's Motion to Compel) at p.1; (The Court's January 27, 2016 Order sets forth relevant dates and facts and will be cited hereinafter for these preliminary matters, because that Order establishes the "law of the case" which Bordelon adopts " [as] a rule of utility and convenience" for these preliminary matters." *See Loumar Inc. v. Smith,* 698 F.2d 759, 762 (5th Cir. 1983).

1

2. Bordelon contends the platform was improperly marked and lit, and therefore not in compliance with all Federal Rules and Regulations applicable to such marine structures, and filed a Complaint for Declaratory Judgment on March 13, 2015 seeking a declaration of its rights to damages caused by the inadequately lighted platform.[2]

3. Energy XXI contends the platform had all navigational aids fully functioning at the time of the accident.[3]

4. Energy XXI has filed a counter claim which failed to specify its damages, and, by this Court's Order of January 27, 2016, was ordered to provide a detailed description of each item of damages it seeks to recover and identify the individual(s) with personal knowledge of those damages no later than February 10, 2016.[4]

5. On February 10, 2016 Energy XXI served a pleading entitled "Second Amended Disclosures" which asserts a claim for so-called "Lost Reserves" damages in the amount of $23,438.000.00.[5]

6. These Second Amended Disclosures were accompanied by supplemental responses to Bordelon's Requests for Production of Documents Bates Numbered EXXI 0009731 - EXXI 0010918.[6]

---

[2] Rec. Doc. 24 at p. 1; Doc 1. p. at pp. 1-3.
[3] Rec. Doc. 24 at p. 1.
[4] Rec. Doc. 24 at p. 2.
[5] EXXI GOM LLC's Second Amended Disclosures attached as Exhibit "1" to Affidavit of Marva Jo Wyatt filed in support hereof.
[6] Wyatt Affidavit at Paragraph 3.

7. The 1187 pages produced as EXXI 0009731 - 0010918 provide no itemized details of the alleged "Lost Reserves" claim, other than 90 pages marked "ATTORNEY EYES ONLY," which are projections of production of undeveloped oil and gas reserves, marked EXXI 0010888 through EXXI0010918, which projections of undeveloped reserves forecast a loss of gross profits, based on oil at a price of $94.97 per barrel and gas at $4.33 per mcf.[7].

8. The lump sum of $23,438,000.00 asserted in Energy XXI's "Second Amended Disclosures" as "Lost Reserves" is a loss of gross profits claim, without any deduction of operating expenses or capital expenditures, and is based upon the projections of production of undeveloped oil and gas reserves set forth in EXXI 0010888 through EXXI 0010918.[8]

9. Bordelon filed a Motion for Evidentiary Sanctions prior to the filing of this Motion for Summary Judgment, which Motion for Evidentiary Sanctions seeks to preclude evidence and witnesses related to, *inter alia,* this "Lost Reserves" claim for failure to comply with the Court's January 27 Order.[9]  This Motion for Evidentiary Sanctions is scheduled to be heard March 9, 2016, before the Honorable Sally Shushan.

---

[7] Wyatt Affidavit at Paragraph 3. The projected lost profits are based upon speculative projections without even any projection of operating costs, depreciation or capital expenditures. These Documents were marked "Attorneys Eyes Only" and will be filed under seal at the Court's request. *Id.*
[8] Wyatt Affidavit at Paragraph 3.
[9] Wyatt Affidavit at Paragraph 4.

10. Bordelon files this Motion for Summary Judgment seeking a ruling that there is no legal basis to recover the "Lost Reserves" claim under the applicable General Maritime Law.[10]

11. A related entry, Energy XXI (Bermuda) Ltd., has submitted to its underwriters, the intervenors in this civil action, a claim for replacement of the platform estimated at $4,105,000. A true copy of the replacement cost claim submitted by Energy XXI (Bermuda) Ltd., to its underwriters, produced by the intervenors in response to Bordelon's Requests for Production served upon these intervenors, is attached to the Affidavit of Marva Jo Wyatt as Exhibit "2."[11]

12. Furthermore, Energy XXI (Bermuda) Ltd. submitted a Proof of Loss for $2,600,000.00 to the intervening underwriters for the loss of the platform, which was paid to yet another entity, Lloyd and Partners, Limited.[12]

13. The platform was insured under three policies, which incorporate the American Institute Hull Clauses (1977); these clauses are traditionally used to insure vessels.[13]

14. The replacement costs of the platform, adjusted for depreciation of the aging platform, as may be established at trial by Energy XXI, represents the *ceiling of recovery* for *any* property damage claims Energy XXI may establish at trial under applicable

---

[10] Wyatt Affidavit at Paragraph 5.
[11] Wyatt Affidavit at Paragraph 6 and Exhibit "2." This document was apparently also submitted by Energy XXI to the U.S. Coast Guard, because it bears the notation "EXXI-USCG000290."
[12] Wyatt Affidavit at Exhibit "3."
[13] Wyatt Affidavit at Exhibit "4."

General Maritime Law.

        Respectfully submitted,

        **REICH, ALBUM & PLUNKETT, L.L.C.**

        */s/ Robert S. Reich*
        **ROBERT S. REICH, T.A. (#11163)**
        **LAWRENCE R. PLUNKETT, JR. (#19739)**
        **MARVA JO WYATT (#18052)**
        Two Lakeway, Suite 1000
        3850 N. Causeway Blvd.
        Metairie, Louisiana 70002
        Telephone: (504) 830-3999
        Facsimile: (504) 830-3950
        Emails: rreich@rapllclaw.com
                lplunkett@rapllclaw.com
                mwyatt@rapllclaw.com
        *Attorneys for Bordelon Marine, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filings to all counsel of record who are authorized to receive electronic service on this 26th day of February, 2016.

        */s/ Robert S. Reich*
        **ROBERT S. REICH**