UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BORDELON MARINE, INC.**  **CIVIL ACTION**

**VERSUS**  **NO. 15-0815-MVL-SS**

**ENERGY XXI GOM, LLC**

## ORDER

PLAINTIFF'S MOTION FOR EVIDENTIARY SANCTIONS (Rec. doc. 38)

**DENIED**

On February 23, 2016, the plaintiff, Bordelon Marine, Inc. ("Bordelon"), filed a motion for evidentiary sanctions for the alleged failure of the defendant and counterclaimant, Energy XXI GOM, LLC ("EXXI"), to comply with the Court's discovery order of January 27, 2016. Rec. doc. 38. The relief requested by Bordelon was denied with the exception of one document, EXXI 0011107. EXXI was ordered to submit a further memorandum and provide the document for *in camera* review. This was prompted by the following statement by Bordelon in its reply memorandum:

> Notably, one of the topics of inquiry for the corporate deposition is the removal and relocation of the navigation lights in 2008 which was only *just now* disclosed, by document EXXI 0011107 (dated 8/24/2008) which states "Relocated lights down to handrail." This document was produced after the Motion for Evidentiary Sanctions was filed.

Rec. doc. 48 (emphasis in original, emphasis added and footnote omitted).

On June 26, 2015, Bordelon served a request for production of documents. Rec. doc. 56 (Exhibit 2). There are no document requests in the June 2015 request that seek a document created in 2008. Request for production nos. 9 and 28 are as follows:

> Please produce any and all maintenance, inspection and repair records for the South Timbalier 27 1A Platform for the period January 1, 2014 through the time of the incident involved herein.
>
> Please produce any and all documents evidencing repairs, maintenance, and/or modifications to the South Timbalier 27 1A Platform from January 1, 2014 through the time of the incident involved herein, January 23, 2015.

Id. at 3 and 7 (emphasis added). The 2008 document was not responsive to the June 2015 request for production of documents.

The January 27, 2016 discovery order stated that:

> Energy XXI shall produce all remaining documents in its possession, custody or control responsive to Bordelon's request for production of documents and as required by Rule 26(a).

Rec. doc. 29 at 3-4. The disclosure obligation in Rule 26(a) was narrowed in 2000 to "identification of witnesses and documents that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1) Advisory Committee Notes (2000). "A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." Id. EXXI was not required to produce the 2008 document as part of its initial disclosures. The January 27, 2016 discovery order did not require EXXI to produce EXXI 0011107.

On January 29, 2016, Bordelon served its second request for production of documents. Rec. doc. 57 (Exhibit 3). Number 3 in the second request sought:

> DOCUMENT(S) which record or reflect any repair, remediation, rehabilitation, or reconstruction of Platform 27, or any part thereof, which was performed, and/or proposed and/or planned and/or scheduled and/or deferred, at any time during the period January 1, 2005 up to and including January 22, 2015.

Id. at 3 (emphasis added). EXXI 0011107, dated 8/24/2008, is responsive to this document request. It was produced on February 26, 2016, less than 30 days after the service of the second request for production. The document was produced timely.

2

While Bordelon's statement in its reply memorandum (Rec. doc. 48) regarding the timing of the production of EXXI 0011107 was technically correct, the inference that Bordelon sought to create was that EXXI was dilatory in the production of a key document.  The facts demonstrate clearly that EXXI was not dilatory in the production of EXXI 0011107.

Bordelon's motion for sanctions is entirely without merit.

IT IS ORDERED that Bordelon's motion for sanctions (Rec. doc. 38) is DENIED.

New Orleans, Louisiana, this 11th day of March, 2016.

_____
SALLY SHUSHAN
U.S. Magistrate Judge