# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BORDELON MARINE, INC.** | * | **CIVIL ACTION NO.: 15-0815** |
| | * | |
| **VERSUS** | * | **JUDGE MARY ANN VIAL LEMMON** |
| | * | |
| **ENERGY XXI GOM, LLC** | * | **SECTION "S"** |
| | * | |
| | * | **MAGISTRATE JUDGE SALLY** |
| | * | **SUSHAN** |
| | * | |
| | * | **DIVISION (1)** |

**************************************

## CERTAIN UNDERWRITERS' SUR REPLY IN OPPOSITION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Munich Re Capital, Ltd. and/or Watkins Syndicate 457 subscribing to Policy No. PE1409775000, on their own behalf and as representatives of Certain Underwriters at Lloyd's, London and of Ironshore Europe Ltd. LONDON UK, Houston Casualty Co. LONDON UK, Arch Insurance Co. (Europe) LONDON UK, and Great Lakes Reinsurance (UK) PLC, LONDON , UK subscribing to Policy No. PE1409775000, severally subscribing, each for its part only, to Energy Package Policy evidenced by Policy No. PE1409775000; and Liberty Mutual Insurance Company, U.S. Fire Insurance Company, New York Marine & General Insurance Company and Allianz Global Risk U.S. Insurance Company, severally subscribing, each for its part only, to Energy Package Policy evidenced by Policy No. JLWM 3770; and Hudson Specialty Insurance Company, Sirius International Insurance Corp. and Partner Re Ireland Insurance Limited, severally subscribing, each for its part only, to Energy Package Policy evidenced by Policy No. JLWM 3771 (each of the foregoing subscribers to the said are hereinafter collectively sometimes referred to, solely for the sake of convenience and without waiver of the several nature of their subscriptions as "Certain Underwriters") who hereby adopt Defendant Energy

XXI GOM, LLC's Sur Reply to Plaintiff's Motion for Partial Summary Judgment as if set out herein *in extenso.*

Further, it is uncontested that Energy XXI's ST 27 1A platform was rendered a total loss by the M/V CONNOR BORDELON alliding with it. It cannot reasonably be contested that other damages were caused as well. While it is not wholly clear from Bordelon Marine's memoranda whether it is asking the Court to limit Energy XXI's *total* potential recovery on its Counterclaim, or simply attempting to limit recovery for the actual total loss of the platform itself, it is clear that there is no basis for limiting Energy XXI's total claim to the fair market value of just the platform. Rather, damages other than the total loss of the platform itself were incurred and have been alleged – damages to the wells themselves and attendant direct and necessary costs for plugging and abandoning the wells, securing the site, removing wreckage and other direct and reasonably necessary costs incurred by Energy XXI as a result of the allision. Energy XXI's platform is not a vessel and, unlike a vessel, it does not have a fair market value in the traditional sense. It cannot be picked up and transported or simply replaced by buying and positioning another. Even assuming, however, a platform is to be treated as a vessel, it is clear that out-of-pocket and direct and necessary costs, even when such exceed the fair market value of a vessel, are recoverable. For example, costs incurred for removal of wreck are recoverable.[1] Loss of or damage to other property is recoverable

---

[1] "When the owner is obliged to remove a wreck as an obstruction to navigation, the cost of raising the wreck may be included in maritime damages." *Tucker Energy Servs. v. Hydraquip Corp.*, 2007 U.S. Dist. LEXIS 61201, *4, 2007 WL 2409571 (S.D. Tex. Aug. 20, 2007), citing *The Venus*, 17 F. 925, 926 (S.D.N.Y. 1883); *The Nebraska*, 17 F. Cas. 1271, F. Cas. No. 10076 (E.D.N.Y 1869). If the owner has acted reasonably, in the circumstances of the wreck, he may recover from a tortfeasor his reasonable expenses for removal. *Id, citing, In re Sincere Navigation Corp.*, 327 F. Supp. 1024, 1026 (E.D. La. 1971); *O'Brien Bros. V. The Helen B. Moran*, 160 F.2d 502, 504 (2d Cir. 1947).

(e.g. the wells themselves)[2] Unavoidable, excess and expenses over and beyond the fair market value of a vessel are recoverable when actually and reasonably incurred.[3] Thus, to the extent Bordelon is attempting to establish a "ceiling" for Energy XXI's entire claim, its argument falls short and its motion for partial summary judgment should be denied.

Underwriters additionally note that expert reports are due to be exchanged on 24 March and at least some of these reports will address damages. Underwriter thus would aver that Bordelon Marine's attempt to limit damages at this point in the litigation is premature in any event.

**WHEREFORE**, Certain Underwriters pray that this Honorable Court deny Plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted,

BY:  /s/ Jeffrey A Riggs
JEFFREY A. RIGGS (#17770)
JENNIFER E. MICHEL (#18114)
JAIME F. LANDRY (#32543)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501
Telephone: 337-326-5777
Facsimile: 337-504-3341
*Counsel for Certain Underwriters and Insurers*
*Subscribing to Energy Package Policies PE1409775000,*
*JLWM 3770 or JLWM 3771*

---

[2] Lost traps could be recovered separately from the value of the ship. *Mainstay Fisheries, Inc. v. N. Waterfront Assocs., L.P.,* 2016 R.I. Super. LEXIS 23 (R.I. Super. Ct. 2016)

[3] Excess damages need not be proven with an exact degree of specificity: "It suffices if a state of facts is shown from which a court or jury can find with reasonable certainty that the damages claimed were actually or may be reasonably inferred to have been incurred." *Albany Ins. Co. v. Bengal Marine, Inc.,* 857 F.2d 250, 253, 1988 U.S. App. LEXIS 14071, *7 (5th Cir. La. 1988).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Certain Underwriters' Sur

Reply in Opposition to Plaintiff's *Motion for Partial Summary Judgment* has been served

electronically upon all counsel of record who utilize the CM/ECF system and has been mailed to all

other counsel of record by placing same in United States First Class Mail, properly addressed and

with sufficient postage affixed, this 21st day of March, 2016.


/s/ Jeffrey A. Riggs
**JEFFREY A. RIGGS**